HEARD NOVEMBER TERM, 1871.

## CASKEY *vs.* McMULLEN.

A rule against the Sheriff must be discharged, unless it appears that the money in his hands is applicable to the execution of the party at whose instance it was granted. The Court cannot order the money to be paid to another execution creditor.

BEFORE THOMAS, J., AT LANCASTER, OCTOBER TERM, 1870.

Rule against James D. Caskey, Sheriff of Lancaster County.

The case, as it appeared by the Sheriff's return, was this: There were three executions in the Sheriff's office against Uriah Small, defendant, one in favor of Wm. McMullen, another in favor of Mary Small, and a third in favor of James P. Small. McMullen's execution was against Uriah Small and James P. Small as joint defendants. The other executions were against Uriah Small alone. Under these executions, the Sheriff sold property of Uriah Small,

and this rule was granted, at the instance of McMullen, to compel the Sheriff to apply the money arising from the sale to his execution.

His Honor held that the money was applicable to the execution of James P. Small, and ordered the Sheriff to apply it to that execution.

The Sheriff appealed, on the ground that the Court having held that the money was not applicable to McMullen's execution, the rule should have been discharged.

*Moore,* for appellant.

*Kershaw, Connors,* contra.

Dec. 11, 1871. The opinion of the Court was delivered by

Moses, C. J. The motion here made must prevail. The only parties before the Court were the respondent, McMullen, and the Sheriff against whom the rule issued. When the Circuit Judge held that the fund, in the hands of the Sheriff, was not applicable to the execution of the plaintiff, at whose instance the rule was ordered, it should have been discharged. To hold that the money was to be appropriated to a party not before the Court, not only affected the interest of execution creditors, who had no opportunity of being heard, but possibly deprived them, as to all practical purposes, of the right to attack the judgment, which, by the order, the Sheriff was directed to pay.

The mode of proceeding by rule to compel a Sheriff to apply money raised by sale of a defendant's property, must be restricted to the end for which it was intended by the long practice which has sanctioned its use. While it was a prompt and efficient remedy against a recusant Sheriff, who, in contempt of the process committed to him, refused or neglected to appropriate money collected by sale or otherwise, to the execution of the plaintiff clearly entitled to it, it was not to be substituted, as the process through which the rights of contending parties to such money were to be decided. It is only on the supposition that the Sheriff is in contempt, that the Court enforces the rule by an order of attachment; and when it is made to appear that, as against the plaintiff who has brought him before the Court, he has violated no right or duty, the rule must be discharged.

Although a rule to compel the payment, to a plaintiff in an execution, of money collected by the Sheriff, lies at the instance of

such plaintiff, (*Kirkpatrick & Co.* vs. *Ford & Aiken,* 2 Speer, 112,) yet if it appears by the cause shown, that the fund is claimed by different parties, and it is doubtful which of them is entitled to it, the rule will be dismissed, and the parties left to litigate their rights by suit.—*Dawkins* vs. *Pearson,* 2 Bail., 619; *Burton* vs. *Cannon,* Harp., 389.

We are not disposed to extend the power of deciding rights under a proceeding by rule against the Sheriff, beyond the limit to which it has been allowed by the decisions heretofore made in the Courts of this State.

The motion is granted, and the order of the Circuit Court set aside.

*Willard,* A. J., and *Wright,* A. J., concurred.